## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 07 C 7033 |
| v. | ) ) | Judge John A. Nordberg |
| CCH INCORPORATED, | ) ) | |
| Defendant. | ) ) | |

### SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on January 23, 2009, by and between Ira Holtzman ("Holtzman"), individually and as the representative of a class of all similarly situated persons in the proposed Settlement Class (as defined below), on the one hand, and CCH Incorporated ("CCH") on the other hand, by and through their respective undersigned attorneys.

### RECITALS

WHEREAS, Holtzman has filed the above-captioned lawsuit against CCH, which is pending in the United States District Court for the Northern District of Illinois (the "Court");

WHEREAS, Holtzman has alleged in the Lawsuit that CCH violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(B)(1)(c), and state law by transmitting advertising material to telephone facsimile machines;

WHEREAS, Holtzman has purported to maintain the Lawsuit as representative of a class comprised of all persons who (1) on or after November 8, 2003, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of CCH, (3) with respect to whom CCH did not have prior express permission or

invitation for the sending of such faxes, and (4) with whom CCH did not have an established business relationship;

WHEREAS, CCH has denied each and every claim of wrongdoing raised against it in the Lawsuit, and by entering into this Settlement does not admit the violation of any law, and denies that it has any liability whatsoever relating to the transmission of faxed advertising material;

WHEREAS, Holtzman acknowledges and agrees that this Agreement does not constitute, and shall not be deemed or construed as an admission by CCH that it has committed any of the acts alleged or violated any law or regulation;

WHEREAS, counsel for Holtzman has conducted an investigation into the facts and law relating to the Lawsuit and the Settlement Class;

WHEREAS, after considering the benefits that the Settlement Class will receive under this Agreement, the attendant risks, uncertainties and delays of litigation, including the possibility that the court may not certify a class in this action, Holtzman and his counsel have concluded that the settlement set forth herein is fair, equitable, and reasonable, and that it is in the best interest of the Settlement Class to resolve the Released Claims (as defined herein) upon the terms and conditions provided for in this Agreement;

WHEREAS, while denying wrongdoing or liability of any kind whatsoever, CCH has determined, after considering the attendant risks, uncertainties, delay and costs of litigation, that it is appropriate to resolve the Released Claims upon the terms and conditions provided for in this Agreement;

WHEREAS, this Agreement has been negotiated among the Parties in good faith and at arm's length, and the Parties have agreed to resolve the Released Claims on the terms and conditions set forth herein;

2

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the Parties that this action should be settled and dismissed on the merits with prejudice as to the Releasees, as defined below, subject to the approval of the Court, on the following terms and conditions.

1.     **DEFINITIONS.**

As used in this Agreement, the terms listed below shall have the meanings set forth:

1.1     **CCH.** CCH shall mean CCH Incorporated and its employees, officers, directors, shareholders, affiliates, subsidiaries, divisions, business units, trade names, product lines, predecessors in interest, successors and assigns, including, but not limited to Best Case Solutions, CorpSystem, ProSystems fx, CompleteTax, Tag Data, TeamMate, SWORD and MediRegs.

1.2     **Claimant.** A Claimant is any person who is a member of the Settlement Class, who (a) does not opt out of the Settlement Class by the date provided herein; (b) has not entered into any legally binding settlement agreement with CCH; and (c) files an Official Claim Form or Direct Notice Claim Form, in the manner set forth in paragraph 5.1, by the Claims Deadline.

1.3     **Claims Administrator.** The Claims Administrator is Phillip A. Bock of Bock & Hatch, LLC.

1.4     **Claims Deadline.** The Claims Deadline shall be the last date set for the filing by all Claimants of the Official Claim Form and the Direct Notice Claim Form.

1.5     **Class Counsel.** Class Counsel shall refer to Brian J. Wanca of Anderson & Wanca and Phillip A. Bock of Bock & Hatch, LLC.

1.6     **Court.** The Court shall mean the United States District Court for the Northern District of Illinois.

1.7    **Direct Notice Claim Form.**  The Direct Notice Claim Form shall be the claim form to be submitted by the approximately 90 persons or businesses to whom CCH faxed the form document attached as an exhibit to the Complaint in the Lawsuit who wish to participate in the Settlement, which shall be attached hereto as Exhibit E or a substantially similar form.

1.8    **Fairness Hearing.**  The Fairness Hearing is the hearing at which the Parties will ask the Court to enter the Final Judgment and Order as set forth in paragraph 4.5 of this Agreement.

1.9    **The Lawsuit.**  The Lawsuit means *Ira Holtzman v. CCH Incorporated*, No. 07 C 7033, pending in the Court.

1.10    **Notice.**  Notice shall mean the communications about the Settlement to the Settlement Class provided for in paragraph 4.2 of this Agreement.

1.11    **Official Claim Form.**  The Official Claim Form shall be the document attached hereto as Exhibit A, or a substantially similar form.

1.12    **Opt-Out Deadline.**  The Opt-Out Deadline shall be the last date for requesting exclusion from the Settlement Class.

1.13    **Parties.**  The Parties shall mean CCH and Holtzman.

1.14    **Preliminary Approval.**  Preliminary Approval shall mean the approval granted to the Settlement as set forth in paragraph 4.1 of this Agreement.

1.15    **Released Claims.**  Released Claims shall mean the claims released in paragraph 3, below.

1.16    **Releasees.**  Releasees shall mean CCH and its attorneys, agents, employees, officers, directors, shareholders, affiliates, subsidiaries, divisions, business units, trade names, product lines, predecessors in interest, insurers, insurer's counsel, successors and assigns, and all persons, natural or corporate, in privity with them or acting on their behalf.

4

1.17    **Releasors.** Releasors shall mean Holtzman and all other Settlement Class members who do not opt out of the Settlement Class, whether or not such members submit claims.

1.18    **Settlement.**   The Settlement refers to this Settlement Agreement.

1.19    **Settlement Class.**   Subject to the Court's approval, and for purposes of this Settlement only, the following class shall be certified in the Lawsuit:  All persons (1) who on or after November 8, 2002, and (2) who were sent or received telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of CCH, and (3) who did not provide prior express permission or invitation to CCH for the sending of such faxes, and (4) who did not have an established business relationship with CCH prior to the sending of the fax.

1.20    **Settlement Fund.** The Settlement Fund is an escrow account to be established by the Class Administrator exclusively to hold the Settlement Payment and make the payments as set forth in paragraph 2.1 of this Agreement.

1.21    **Settlement Payment.** The Settlement Payment shall mean the $397,000.00 that CCH has agreed to pay to settle the Lawsuit, as set forth in paragraph 2.1 of this Agreement.

2.    **AGREEMENT**

2.1    **Settlement Payment and Distribution.** Subject to Court approval as set forth in paragraph 5 below, CCH agrees to pay $397,000.00 into the Settlement Fund.  CCH shall make payments to the Settlement Fund as follows:

(i) CCH shall pay $15,000.00, to the Settlement Fund within thirty (30) days of Preliminary Approval, to be used by the Claims Administrator exclusively for the estimated cost of Notice as set forth in paragraph 4.2 of this Agreement and for the estimated charges of the Claims Administrator; and

5

(ii) CCH shall pay the balance of the Settlement Payment when the Final

Judgment and Order becomes final, pursuant to paragraph 4.7 of this Agreement.

Upon the tender of the full amount of the Settlement Payment, CCH will have fulfilled all

obligations under the Settlement, and the releases set forth in paragraphs 3.1 and 3.2 of this

Agreement shall become immediately enforceable.

Subject to Court approval as to amounts, the balance of the Settlement Payment in the

Settlement Fund shall be distributed in the following order of priority when the Final Judgment

and Order becomes final pursuant to paragraph 4.7 of this Agreement:

(a)     Holtzman will apply for $5,000 for having served as the class

representative;

(b)     Holtzman's counsel will apply for not more than 33.33% of the

$397,000.00, or $132,333.33 for attorneys fees, plus reasonable out of pocket expenses;   (c)

additional administrative expenses other than the cost of Notice, including the charges of

the Claims Administrator, which shall be limited to reimbursement of out-of-pocket expenses

that the Claims Administrator incurs, it being understood that there shall be no compensation

payable to the Claims Administrator for services rendered in that capacity other than

reimbursement of such out-of-pocket expenses.

(d)     the net amount left in the Settlement Fund after payment of Holtzman's

award, Class Counsel's attorneys' fees, and reasonable out of pocket and administrative

expenses will be distributed pro rata among qualified members of the Settlement Class who

timely submit a claim form and who do not opt out of the Settlement Class, except that no class

member will receive more than $500 and no class member will receive more than one pro rata

share of the Settlement Fund, regardless of the number of faxes from CCH; and

6

(e)     25% of the net amount left in the Settlement Fund after distribution to members of the Settlement Class, if any, will be distributed as a *cy pres* award to a charity or charities to be selected by mutual agreement of the Parties and approved by the Court, and the other 75% of the reminder shall revert to CCH.

2.2     **Grant to Charity.** If the amount of the Settlement Fund remaining after the distributions set forth in paragraph 2.1(a)-(d) above that is to be distributed to charity in accordance with paragraph 2.1(e) is less than $25,000.00, CCH will pay additional sums outside of the Settlement Fund as may be necessary to assure that the amount granted to the charity or charities selected by mutual agreement of the Parties is no less than $25,000.00.

2.3     **Written Notice.** CCH also agrees to disseminate within thirty (30) days after the Final Judgment and Order set forth in paragraph 4.7, a written notice to all CCH sales employees that will state in substance that they may not send advertising material by facsimile without the recipient's prior express permission or invitation, or without the existence of an established business relationship between CCH and the recipient.

2.4     **Class Certification.** Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Parties will seek and, as a condition to the obligations of this Agreement, obtain an order of the Court conditionally certifying, solely for the purposes of effectuating the Settlement, the Settlement Class. The settlement contemplated hereunder is contingent upon the entry by the Court of a Preliminary Approval Order, as provided in paragraph 4.1, certifying the Settlement Class and approving the Notice as set forth in paragraph 4.2 of this Agreement.

2.5     **Attorneys' Fees and Expenses.** The exact amount of all attorneys' fees payable for services rendered to, or for, the Settlement Class shall be determined by the Court, but CCH will not object to the payment of attorneys' fees that do not exceed 33.33% of the Settlement Fund ($132,333.33 of the $397.000.00) plus reimbursement of reasonable out-of-pocket

7

expenses for all work already performed and reasonable out-of-pocket expenses incurred for the

Settlement Class, and for all work to be performed and expenses incurred in administering this

Settlement, provided that the out-of-pocket expenses may not exceed $1,000.00 excluding the

out-of-pocket costs of the Claims Administrator provided for in paragraph 2.1(c) of this

Agreement. This amount shall be paid from the Settlement Fund, as described in paragraph 2.1

of this Agreement.

3.   **RELEASES**

3.1   **General Release.**  In consideration for the payments described in this Settlement,

the Releasors will be deemed to have forever released the Releasees, from any and all actual,

potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or

unsuspected, claims, demands, liabilities, causes of action, contracts, agreements, extra-

contractual claims, damages, punitive damages, expenses, acts, costs, attorneys' fees and/or

obligations of any kind which are or could be based on, arise from or relate in any way to any

faxed advertisements ordered or sent by CCH at any time prior to the execution of the

Settlement, including, but not limited to, claims under the Telephone Consumer Protection Act

("TCPA") and any other federal law or the law of any of the fifty states in the United States or its

territories, whether statutory, common, regulatory or decisional, which purport to prohibit,

punish, or remedy the conduct of sending advertising or other material by fax including, without

limitation, any TCPA claims and state law claims originally asserted or which could have been

asserted in the Lawsuit and any claims under state consumer protection or state fraud laws, and

claims for common law conversion or property damage, based on CCH's transmissions of faxes

at any time prior to the execution of the Settlement whether said faxes are identical to, similar to,

or different from the facsimile attached as an exhibit to the Complaint in the Lawsuit.

8

3.2     **Holtzman Release.**  In consideration of a separate payment by CCH to Holtzman

of Five Thousand Dollars ($5,000.00), to be deducted from the Settlement Fund, Holtzman

hereby releases the Releasees from any and all of the actual or potential claims covered by the

Release set forth in paragraph 3.1 which Holtzman has or had from the beginning of time until

the date of this Settlement.

3.3     **Waiver of Rights Under California Civil Code.**  Releasors hereby expressly

waive and release, upon this Agreement becoming final, any and all provisions, rights, and

benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. Certain Claims Not Affected by General Release. A general
> release does not extend to claims which the creditor does not know or
> suspect to exist in his favor at the time of executing the release, which if
> known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is

similar, comparable, or equivalent to § 1542 of the California Civil Code.  Each Releasor may

hereafter discover facts other than or different from those which he, she, or it knows or believes

to be true with respect to the claims which are the subject matter of the provisions of paragraph

3.1 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever

settles and releases, upon this Agreement becoming final, any known or unknown, suspected or

unsuspected, contingent or noncontingent claim with respect to the subject matter of the

provisions of paragraph 3.1 of this Agreement, whether or not concealed or hidden, without

regard to the subsequent discovery or existence of such different or additional facts.

4.      **SETTLEMENT APPROVAL PROCEDURE**

4.1 **Preliminary Approval.**  As a condition of the Settlement, the Parties agree to

petition the Court, as soon as practicable after the execution of this Settlement, for an order

granting Preliminary Approval in the form attached as Exhibit B, which:

(a)  preliminarily approves this Settlement;

(b) for purposes of this Settlement only, (i) certifies the Settlement Class, (ii) designates Holtzman as Class Representative of the Settlement Class, and (iii) designates Brian J. Wanca and Phillip A. Bock as Class Counsel for the Settlement Class;

(c) schedules a Fairness Hearing for final approval of this Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure; and

(d) approves the proposed notice of the settlement to the Settlement Class ("Notice") and directs that Notice be given consistent with paragraph 4.2 below, and that CCH shall advance the cost of giving Notice to the Settlement Class, in accordance with paragraph 2.1 above.

4.2 **Notice.** The parties agree that the Claims Administrator shall issue notice of this Settlement and the procedure for the Settlement Class to participate in it is as follows:

(a) The Parties agree that it is not practicably or economically feasible to identify the members of the Settlement Class. Accordingly, the Parties agree that publication is the most practical means of providing notice of the Settlement. The Claims Administrator shall cause a notice, substantially in the form of Exhibit C, to be published once in the daily edition of USA Today and once in the Wall Street Journal (the "Published Class Notice"). The Published Class Notice shall be published in the separate newspapers in different weeks. Thereafter, the Claims Administrator shall mail a notice, substantially in the form of Exhibit D, describing the Settlement in detail and attaching a copy of the Official Claim Form to persons who may request it (the "Mailed Class Notice"), whether the request is based on the Published Class Notice or otherwise.

(b) In addition, the Claims Administrator will attempt to mail the Mailed Class Notice to the approximately 90 persons or businesses to whom CCH faxed the form document attached as an exhibit to the Complaint in the Lawsuit. The Mailed Class Notice to such persons

shall attach the Direct Notice Claim Form, substantially in the form of Exhibit E hereto. The

Claims Administrator shall cause the publication and mailing of the Published Class Notice and

the Mailed Class Notice (collectively the "Notices") to be disseminated as soon as reasonably

practicable following the entry of the Preliminary Approval Order. CCH shall pay the cost of

providing all Notices to the Settlement Class and administering the Settlement process upon

Preliminary Approval of the Settlement by the Court through the Settlement Fund as set forth in

paragraph 2.1 above.

In the event the Court does not approve the proposed Notices as part of the Preliminary

Approval, CCH shall have the right to rescind and terminate this Settlement.

(c) In addition, either CCH or the Class Administrator shall provide notice of the

Settlement to the appropriate federal and state officials as required under the Class Action

Fairness Act ("CAFA"), 28 U.S.C. § 1715. The CAFA notice shall be sent no more than ten

days after the motion for preliminary approval is filed with the Court. The CAFA notice must

include the Complaint, Notice of the Preliminary Approval Hearing, Motion for Preliminary

Approval and all other information required by CAFA, including all applicable appendices and

exhibits, and proposed final orders or judgments.

4.3    **Right to Opt Out or Object.** Any member of the Settlement Class may elect to

be excluded from this Settlement and from the Settlement Class by opting out of the Settlement

Class by the Opt-Out Deadline. The Opt-Out Deadline shall be set by the Court. Any person

who wishes to be excluded from the Settlement Class must send a written request for exclusion

postmarked by the Opt-Out Deadline to the Claims Administrator, who shall provide a copy of

such notice to counsel for CCH. Any member of the Settlement Class who opts out shall neither

be bound by the terms of this Settlement nor entitled to any of the benefits set forth in this

11

Settlement. The procedure for a member to object to the Settlement shall be set forth in the Mailed Class Notice.

    4.4    **CCH's Right to Terminate Settlement.** In addition to its rights under paragraph 4.2(b) above, CCH, at its sole option, upon written notice to Class Counsel up to seven (7) days prior to the Fairness Hearing, terminate this Settlement if one hundred (100) or more members of the Settlement Class have excluded themselves from the Settlement, if ten (10) or more members of the Settlement Class have filed objections to the Settlement, or if any state or federal official who has received notice of the Settlement under CAFA has filed an objection. Upon any such termination, the Parties will be returned to their status immediately prior to execution of the Agreement as if this Agreement has never been made, and the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Lawsuit as of the date of execution of this Agreement.

    4.5    **Final Approval.** The Parties shall petition the Court to hold a Fairness Hearing and enter a non-appealable Final Judgment and Order substantially in the form of Exhibit F, which shall provide for, among other things:

    (a)    The Court's Final Approval of this Settlement and a finding by the Court that the terms and conditions hereof are fair, reasonable and adequate and in the best interests of the Settlement Class, and directing consummation of all its terms and conditions;

    (b)    A finding that notice was given in accordance with due process and the requirements of Rule 23(e)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1715 and is the only notice required;

    (c)    Dismissal on the merits with prejudice of all claims that were asserted on behalf of Holtzman and all Settlement Class Members against CCH;

(d)     An order, in conformity with the terms of paragraph 3 of this Settlement, barring and preliminarily enjoining the institution by any and all Settlement Class members, either directly or indirectly, of any action against Releasees, in this Court or in any other court or forum, asserting any claims that are being settled or released herein, including any claim that was or could have been brought in this action;

(e)     A reservation of exclusive jurisdiction to enforce all terms and provisions of this Settlement.

4.6     **Effect of Disapproval of Settlement.** If the Court fails to give Preliminary Approval pursuant to paragraph 4.1 hereof, or if CCH terminates this Settlement pursuant to paragraph 4.4 hereof, or if the Court disapproves of the Settlement or any material part thereof, or if the Final Judgment and Order is not entered or is reversed on appeal for any reason, then the Settlement and the certification of a Settlement Class pursuant to Settlement shall be declared null and void, and no right, claim, obligation, liability or defense shall arise on behalf of any person or entity under this Settlement.

4.7     **Finality.** The Final Judgment and Order shall be deemed final:

(a)     Forty-five (45) days after the entry of the Final Judgment and Order, if no pleadings are filed within that time seeking post-judgment relief in the Court or appeal, review, or rehearing of the Final Judgment and Order; or

(b)     Forty-five (45) days after the entry of an order denying post-trial motions in the Court, if no pleadings are filed within that time seeking post-judgment relief in the Court or appeal, review, or rehearing of the Final Judgment and Order; or

(c)     If an appeal of the Final Judgment and Order is filed, then thirty-five (35) days after the date upon which all appellate and other proceedings resulting from such pleadings (including the time for filing all petitions for rehearing and for appeal to the Seventh Circuit

13

Court of Appeals or the United States Supreme Court) have been finally terminated in such a manner as to permit the Final Judgment and Order to take effect.

5.    **SUBMISSION, PAYMENT AND REJECTION OF CLAIMS**

    5.1    **Submission of Claims.**   The Claims Administrator shall administer claims, and the out-of-pocket costs incurred by the Claims Administrator in doing so shall be paid out of the Settlement Fund, as set forth in paragraph 2.1 hereof.  Members of the Settlement Class who do not opt out must submit an Official Claim Form or Direct Notice Claim Form, postmarked by the Claims Deadline, to the Claims Administrator, who shall review the Claims for eligibility under the terms of this Settlement. The Claims Deadline shall be set by the Court.  The claim of any Settlement Class member who does not submit an Official Claim Form or Direct Notice Claim Form to the Claims Administrator postmarked by the Claims Deadline shall be forever barred.

    In order to be eligible to receive compensation from the Settlement Fund, a Claimant who received notice of the Settlement through the Published Notice or by means other than paragraph 4.2(b) hereof must state under penalty of perjury on the Official Claim Form that he, she, or it (1) was sent or received a facsimile advertisement from or on behalf of CCH after November 8, 2002, and (2) did not give CCH express permission or invitation to send that fax, and (3) did not have an established business relationship with CCH.  In order to be eligible to receive compensation from the Settlement Fund, a claimant who received notice pursuant to paragraph 4.2(b) hereof must state on the Direct Notice Claim Form that he, she or it (1) did not give CCH express permission or invitation to fax material promoting or advertising CCH's products or services after November 8, 2002, and (2) did not have an established business relationship with CCH.

    5.2    **Payment of Claims.**   The Claims Administrator shall notify counsel for CCH within 30 days of the Claims Deadline which claims he believes in good faith should be paid and

14

which require further substantiation or should not be paid. Thereafter, the Class Administrator and counsel for CCH shall cooperate in good faith within 14 days thereafter to resolve any differences as to which claims should be paid. If the Claims Administrator determines that any claim is invalid, or if CCH in good faith objects to a claim, the Claims Administrator will mail to the Claimant a notice of rejection stating the reasons therefor within 45 days of the Claims Deadline and notifying the Claimant that he/she/it has thirty (30) days to petition the Court to reverse the rejection. Once all valid claims have been ascertained, and all hearings on rejected claims have been concluded as set forth in paragraph 5.3 below, the Claims Administrator shall determine the amount to be paid to eligible Claimants under paragraph 2.1(d). The Claims Administrator shall issue the checks and deliver them to eligible claimants once the conditions listed in paragraphs 2.1 and 4.5 have been satisfied and the Final Judgment and Order has become final pursuant to paragraph 4.7. The Parties assume no risk of loss or theft of the checks mailed by the Claim Administrator. The checks will be void 91 days after the issuance date, and shall state that fact on their face.

     5.3    **Rejection of Claims.** Any member of the Class whose Claim has been rejected may petition the Court, with notice to Class Counsel and counsel for CCH, for review of the rejection within thirty (30) days of receiving notice of the rejection. In this event, the burden shall be on the Class member petitioning the Court to demonstrate that the rejected Claim is valid.

     5.4    **Records of Class Administration.** The Claims Administrator shall retain records of claims submitted and of payments made to the Settlement Class for five (5) years after the Final Judgment and Order becomes final as set forth in paragraph 4.7 of this Settlement. The Claims Administrator shall make available to CCH and Counsel for the Class upon request all information and records relating to claims administration, including claims received and

15

payments to members of the Class. The Claims Administrator shall file an accounting with the Court of all persons or entities who filed claims and received payments pursuant to the Settlement and the amount such person received within ninety (90) days after final disposition of all claims under the Settlement.

6.     **MISCELLANEOUS**

6.1     **Contribution.**  CCH shall retain for itself the rights to pursue any and all claims for contribution against any third-parties (other than Plaintiff, Class Counsel, and the members of the Settlement Class) that CCH and may, at its sole election and for its sole benefit, choose to pursue.

6.2     **Advice of Counsel.**  The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing Settlement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

6.3     **Waiver of Construction Against Drafter.**  The Parties acknowledge that this Settlement reflects the joint drafting efforts of all parties and their respective counsel and that any ambiguity that may be found in the Settlement shall not be construed against any party.

6.4     **Benefit of this Agreement.**  This Settlement shall be binding upon and inure to the benefit of the Parties hereto, the members of the Settlement Class not opting out, and each of their successors, predecessors, affiliates, heirs, executors and assigns.

6.5     **Entire Agreement.**  Any and all prior understandings and agreements between the Parties will respect to the subject matter of this Settlement are merged into and with this Settlement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof.  This Settlement may be amended, modified or

changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Settlement and may not be amended, modified or changed orally.

6.6     **Applicable Law.** This Settlement shall be governed by and construed in accordance with the laws of the State of Illinois.

6.7     **Counterparts.** This Settlement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by telecopier shall be deemed legal and binding for all purposes.

6.8     **Headings.** The headings in this Settlement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement, nor to control or affect meanings, constructions or the effect of the same.

IN WITNESS WHEREOF, the Parties have caused this Settlement to be duly executed and delivered by their duly authorized representatives on the date first written above.

APPROVED:                                          APPROVED:

IRA HOLTZMAN                                        CCH Incorporated

By: _____                      By: _____

Individually and as representative of the Class    Title: _Chief Executiv. Officer_
and the Settlement Class

_____                          _____
Counsel for the Class                              Counsel for Defendant CCH

Brian J. Wanca                                      David P. Sanders
ANDERSON + WANCA                                    Joseph H. Thompson
3701 Algonquin Road, Suite 760                     JENNER & BLOCK LLP
Rolling Meadows, Illinois 60008                    330 North Wabash Avenue
(847) 368-1500                                      Chicago, Illinois 60611
                                                   (312) 222-9350
Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, Illinois 60602
(312) 658-5500

18

## OFFICIAL CLAIM FORM

**RE:** **IRA HOLTZMAN v. CCH INCORPORATED, CASE NO**: 07 C 7033 (United States District Court for the Northern District of Illinois)

**IMPORTANT: THIS CLAIM FORM MUST BE <u>POSTMARKED OR RECEIVED</u> ON OR BEFORE MAY 11, 2009, AND MAILED TO THE FOLLOWING ADDRESS:**

**PHILIP A. BOCK**
**BOCK & HATCH, LLC**
**134 NORTH LA SALLE STREET, SUITE 1000**
**CHICAGO, IL 60602**

Please print the following information:

NAME: _____

ADDRESS: _____

CITY/STATE: _____

ZIP CODE: _____

TELEPHONE: _____

E-MAIL: _____

      By participating in this settlement I hereby release CCH Incorporated of all claims that related in any way to their sending of advertising material by fax.

      Additionally, I hereby certify, under penalty of perjury; that (1) I was sent or received a telephone facsimile message advertising the commercial availability of CCH products or services after November 8, 2002, (2) I did not give CCH express permission or invitation to send the facsimile, and (3) I did not have an established business relationship with CCH.

                              _____
                              (YOUR SIGNATURE)

If filing on behalf of business, please print the name of the business: _____

# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 7033 |
| v. | ) | |
| | ) | Judge John A. Nordberg |
| CCH INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER PRELIMINARILY APPROVING SETTLEMENT
### AND CERTIFYING SETTLEMENT CLASS

This matter coming before the Court on the "Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class," (the "Joint Motion"), and after review and consideration of the Settlement Agreement, and after hearing argument of the parties at the Preliminary Approval Hearing held on January 28, 2009, and having been fully advised in the premises;

IT IS HEREBY ORDERED and adjudged as follows:

1.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2.    Solely for the purpose of settlement, and pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies the following Class:

# EXHIBIT B

"all persons (1) who on or after November 8, 2002, and (2) who were sent or received telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of CCH Incorporated, and (3) who did not provide prior express permission or invitation to CCH for the sending of such faxes, and (4) who did not have an established business relationship with CCH prior to the sending of the fax."

3.    The Court finds that certification, for purposes of settlement only, is appropriate in that (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff Ira Holtzman's claims are typical of the claims of the class; (d) Plaintiff Ira Holtzman and his attorneys will fairly and adequately protect the interests of the class; and (e) a class action is an appropriate method for the fair and efficient adjudication of this controversy.

4.    The Court hereby preliminarily appoints the Plaintiff, Ira Holtzman, as Representative of the Class and finds that it meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

5.    The Court preliminarily appoints the following lawyers as counsel to the Class, and finds that counsel meets the requirements of Rule 23(g) of the Federal Rule of Civil Procedure:

> Brian J. Wanca
> ANDERSON + WANCA
> 3701 Algonquin Road, Suite 760
> Rolling Meadows, IL 60008

2

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602

6.     The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e)(1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This Court further finds that the Published Class Notice (Exhibit C to the Settlement Agreement) and the Mailed Class Notice (Exhibit D to the Settlement Agreement) (the "Class Notices") and the Claim Forms included as part of the Mailed Class Notice, comply with Rule 23(e)(1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted.

7.     The Court appoints Phillip A. Bock of Bock & Hatch, LLC., one of Class Counsel, as Class Administrator.

8.     By this Order, the Court hereby orders that (a) the Published Class Notice shall be published once in USA Today and once in Wall Street Journal in separate weeks; and (b) Mailed Class Notice shall be sent via regular mail directly to the approximately 90 persons or businesses who were faxed the form document attached as an exhibit to the Complaint in the Lawsuit, consistent with this Order and the Settlement Agreement. The Court finds and orders that no other notice is necessary.

9.     To effectuate the settlement, the Court hereby establishes the following deadlines and dates for the acts and events set forth in the Settlement Agreement, and directs the parties to incorporate the deadlines and dates in the Class Notice and Claim Form.

a.      Claim Forms shall be returned by Class Members to the Settlement Administrator postmarked on or before May 11, 2009. Claims not submitted by this date shall be barred.

b.      Appearances, objections to the Settlement and motions to intervene, filed by any Class Member, shall be filed in this Court and served on Plaintiff's Counsel and Counsel for Defendant on or before May 11, 2009, or shall be forever barred.

c.      All memoranda filed by any Class Member in connection with objections, motions to intervene or the Final Approval Hearing, must be filed in this Court and served on Plaintiff's Counsel and Counsel for Defendant on or before May 11, 2009, or shall be forever barred.

d.      Requests by any Class Member to opt out of the Settlement must be filed with the Court and served on Plaintiff's Counsel and Counsel for Defendant on or before May 11, 2009 or shall be forever barred.

e.      Petitions to challenge denials of claims must be filed in the Court and served on Plaintiff's Counsel and Counsel for Defendants on or before July 27, 2009, or shall be forever barred.

10.      The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for _____, 2009, at _____ a.m./p.m. A hearing will be held at the same time on any petitions challenging denials of claims if the Court enters an order giving final approval to the Settlement.

BY ORDER OF THE COURT

_____
Honorable John A. Nordberg

4

Dated: _____

Counsel for Plaintiff
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, Illinois 60008
(847) 368-1500

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, Illinois 60602
(312) 658-5500

Counsel for Defendant
David P. Sanders
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
(312) 222-9350

## NOTICE OF CLASS ACTION
## AND PROPOSED SETTLEMENT
# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IRA HOLTZMAN | ) | |
| v. | ) | No. 07 C 7033 |
| CCH INCORPORATED | ) | |

TO: All persons or entities located anywhere in the United States who were sent or received advertising or promotional material by facsimile from or on behalf of CCH Incorporated after November 8, 2002.

This notice relates to the settlement of a class action lawsuit that alleges that CCH Incorporated faxed advertising material in violation of the law. If you were sent or received a fax promoting products or services of CCH Incorporated (including Best Case Solutions, ProSystem fx, CorpSystem, CompleteTax, TagData, TeamMate, SWORD and MediRegs) without your express permission or without you having had a prior business relationship with CCH, your rights may be affected by a proposed settlement of a class action lawsuit. You may be entitled to money.

To obtain detailed information concerning the settlement of this class action lawsuit and to receive a claim form, you must contact by **March 25, 2009**: PHILLIP A. BOCK, BOCK & HATCH, LLC, at (312) 658-5501 or write to him at 134 North LaSalle Street, Chicago, IL 60602.

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 7033 |
| v. | ) | |
| | ) | Judge John A. Nordberg |
| CCH INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO: All persons and entities located anywhere in the United States who were sent or received advertising material on behalf of CCH Incorporated, promoting products or services of CCH Incorporated (including Best Case Solutions, ProSystem fx, CorpSystem, CompleteTax, TagData, TeamMate, SWORD and MediRegs) after November 8, 2002.

**PLEASE READ THIS NOTICE CAREFULLY.**
**THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**
**YOU MAY BENEFIT FROM READING THIS NOTICE.**

**IF YOU WISH TO RECEIVE A PORTION**
**OF THE CLASS SETTLEMENT PROCEEDS,**
**YOU MUST RETURN A CLAIM FORM.**

### WHAT THIS LAWSUIT IS ABOUT

This action is pending in the United States District Court for the Northern District of Illinois. On behalf of a proposed class, plaintiff alleged that the defendant, CCH Incorporated ("CCH"), violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), by sending facsimile advertisements to individuals and businesses.

CCH denies plaintiff's allegations, and has raised defenses to plaintiff's claims.

The parties desire to settle this lawsuit. The judge presiding over the lawsuit granted preliminary approval of the settlement, subject to a fairness hearing which will take place on _____, 2009 at _____ p.m., **in Room 1801 of the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604.**

This notice explains the nature of the lawsuit and the terms of the settlement and informs you of your legal rights and obligations.

**IN ORDER TO OBTAIN MONETARY BENEFITS OF THIS SETTLEMENT, YOU MUST REQUEST A PROOF OF**

# EXHIBIT D

CLAIM FORM AS DESCRIBED BELOW AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH IN THIS NOTICE.

## NO ADMISSION OF LIABILITY

By settling this lawsuit, CCH is not admitting that it has done anything wrong. CCH expressly denies that it has done anything wrong.

## THE PROPOSED SETTLEMENT

Plaintiff and CCH have agreed to the settlement described below. **IF YOU WISH TO RECEIVE A PORTION OF THE SETTLEMENT PROCEEDS, YOU MUST RETURN THE PROOF OF CLAIM FORM ATTACHED AT THE END OF THIS NOTICE IN ACCORDANCE WITH THE INSTRUCTIONS IN THIS NOTICE BY MAY 11, 2009. If you do not wish to be part of the settlement, you must opt-out. If you return your form and the settlement is finally approved, you will be sent a check for your portion of the settlement.**

**Recovery to Class Members**. CCH agrees to pay into a Settlement Fund the total sum of $397,000.00 (the "Settlement Fund"). An incentive award to the named plaintiff and attorney's fees to Class Counsel in the amount discussed below will be paid from the Settlement Fund. After deduction of the named plaintiff's incentive award, attorney's fees and expenses, and the cost of notice to potential class members and class administration, qualified class members will receive from the Settlement Fund a pro-rata share of the Settlement Fund based upon the number of valid claims submitted by class members to each class member who: (i) does not opt-out; (ii) **RETURNS THE PROOF OF CLAIM FORM INDICATING THAT**

**THEY WANT TO PARTICIPATE IN THE MONETARY BENEFITS OF THE SETTLEMENT BEFORE EXPIRATION OF THE DEADLINE**; and (iii) does not have their notice returned by the Postal Service without a valid forwarding address. No class member will receive more than $500.00, regardless of the number of faxes received. In the event funds remain in the Settlement Fund after payment of all valid claims, 25% of the remainder shall be donated to a charitable organization and the other 75% of the remainder shall revert to CCH. If the resulting charitable award is less than $25,000.00, CCH will pay additional sums outside of the Settlement Fund as may be necessary to assure that the amount awarded to charity is no less than $25,000.00.

**Attorney's Fees**. Plaintiff's counsel will request approval of the Court for attorneys' fees of $132,333.33, plus reasonable out of pocket expenses not to exceed $1000.00. CCH will not oppose or cause to be opposed an application by plaintiff's counsel for attorneys' fees and costs of $133,333.33. Plaintiff's counsel will not request additional fees and costs from CCH or the class.

**Relief to Named Plaintiff**. CCH agrees to pay $5,000.00 to plaintiff Ira Holtzman, in addition to the class recovery discussed above.

**Costs**. Costs associated with the notice and administration of the settlement will be paid from the Settlement Fund.

**Release**: Unless you exclude yourself from the Settlement, you will be part of the class. By staying in the class, all of the Court's orders will apply to you, and you give CCH (including Best Case Solutions, ProSystems fx, CorpSystem, CompleteTax, TagData, TeamMate, SWORD and

MediRegs) a "release" of all claims relating to their sending of advertising material by fax. A release means you can't sue or be part of any other lawsuit against CCH relating in any way to their sending of advertising material by fax ever again, including any claims about your receipt of unauthorized advertisements from any CCH entity by fax.

## CLASS COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT

In an individual action, a prevailing plaintiff may be able to recover $500 in statutory damages under the TCPA ($1,500 if a willful violation is shown).

Of course if an individual does not prevail, he will receive no payment.

Under certain state laws, prevailing Plaintiffs may recover lesser amounts, as some states have adopted their own statutes. Those statutes may also contain defenses which do not exist under the TCPA and which defenses may prohibit any recovery whatsoever. Despite diligent efforts, Class Counsel has not been able to establish how many or which persons or businesses received advertisements by fax from a CCH entity. There have also been questions raised as to whether CCH received permission to send advertising faxes to some or all of the persons or businesses that were sent such advertisements by fax or whether it had an established business relationship with such persons or businesses. As a result, Plaintiff's counsel recognizes that there is doubt as to whether this case would be maintainable as a class action absent this Settlement. In the absence of this Settlement, each individual who received a faxed advertisement might have to prosecute a lawsuit individually, and therefore lose the benefits of class representation.

For these reasons, Class Counsel believes that the settlement is fair and reasonable and that the class members should accept this settlement.

## FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to plaintiffs counsel of costs and attorney's fees. The hearing will take place on _____, 2009 at _____ p.m. before Judge Nordberg in Room 1801 of the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.

## YOUR OPTIONS

1. **If you wish to receive a portion of the settlement proceeds, you must complete and return the proof of claim form at the back of this notice indicating that you wish to participate in the settlement**. The completed proof of claim form must be post-marked or received at the same address on or before May 11, 2009. You will be represented by the attorneys for plaintiff without additional charge. Or, if you prefer, you may enter your own appearance or ask the Court to allow you to participate in the settlement through your own attorney. If you wish to participate on your own or through your own attorney, an appearance must be filed with the Court by May 11, 2009. If you participate through your own attorney, it will be at your expense. Any party who returns a claim form or otherwise does not exclude

3

himself or herself from the settlement, as described below, will be bound by the settlement agreement and release of claims against CCH, as approved by the Court.

2. You have the right to exclude yourself from both the class action and the settlement by filing a written request for exclusion with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604. The request for exclusion must be received by the Clerk of the Court on or before May 11, 2009, and must list your name, address, and the name and number of the case. You must also serve copies of the request for exclusion on each of the attorneys for the plaintiff and for CCH, at the following addresses by the same date.

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, Illinois 60008
(847) 368-1500

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, Illinois 60602
(312) 658-5500
(Attorneys for the plaintiff and the class)

David P. Sanders
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
(312) 222-9350
(Attorney for CCH)

3. If you object to the settlement, and wish to submit an objection rather than simply exclude yourself from the class action, you must submit your objection and any supporting memorandum in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604. The objection must be received by the Clerk of the Court on or before May 11, 2009, and must refer to the name and number of the case. You must also serve copies of your objection on each of the attorneys for the plaintiff and for CCH listed above by the same date. Any objection must include your name and address, the name and number of the case, and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the class. If you do file an objection and wish it to be considered, you must also appear at the hearing before Judge Nordberg on _____, 2009 at _____ p.m. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

IMPORTANT: THE COURT REQUIRES THAT ANY REQUESTS FOR EXCLUSION OR OBJECTIONS BE RECEIVED BY THE CLERK BY MAY 11, 2009. IF YOU MAIL A REQUEST FOR EXCLUSION OR OBJECTION, YOU BEAR THE RISK OF THE REQUEST FOR EXCLUSION OR OBJECTION NOT BEING RECEIVED BY THE CLERK BY THE DEADLINE.

If you choose to exclude yourself from the class action and settlement you will not receive payment under this agreement. If you remain in the class action but do not return a proof of claim form by May 11, 2009, you will be bound by the Settlement Agreement and release, but will not receive payment under this agreement. Only those class

4

members who complete and return a valid proof of claim form post-marked on or before May 11, 2009 will receive payment under this agreement.

If the settlement is not approved, the case will proceed as if no settlement had been attempted. There can be no assurance that if the settlement is not approved, the court will allow this case to proceed as a class action, or that a class will recover more than is provided in the settlement, or indeed, anything.

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the settlement agreement, you should visit the office of the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

## INQUIRIES

Any questions you or your attorney has concerning this notice should be directed to BOCK & HATCH at the address listed above. Please include the case name and number, your name and your current return address on any letters, not just the envelopes. Please do not contact the Court Clerk or CCH's attorneys; they are not in a position to give you any advice about this settlement.

5

## OFFICIAL CLAIM FORM

**RE:** **IRA HOLTZMAN v. CCH INCORPORATED, CASE NO**: 07 C 7033 (United States District Court for the Northern District of Illinois)

**IMPORTANT: THIS CLAIM FORM MUST BE <u>POSTMARKED OR RECEIVED</u> ON OR BEFORE MAY 11, 2009, AND MAILED TO THE FOLLOWING ADDRESS:**

**PHILIP A. BOCK**
**BOCK & HATCH, LLC**
**134 NORTH LA SALLE STREET, SUITE 1000**
**CHICAGO, IL 60602**

Please print the following information:

NAME: _____

ADDRESS: _____

CITY/STATE: _____

ZIP CODE: _____

TELEPHONE: _____

E-MAIL: _____

By participating in this settlement I hereby release CCH Incorporated of all claims that related in any way to their sending of advertising material by fax.

Additionally, I hereby certify, under penalty of perjury; that (1) I was sent or received a telephone facsimile message advertising the commercial availability of CCH products or services after November 8, 2002, (2) I did not give CCH express permission or invitation to send the facsimile, and (3) I did not have an established business relationship with CCH.

_____
(YOUR SIGNATURE)

If filing on behalf of business, please print the name of the business: _____

## DIRECT NOTICE CLAIM FORM

**RE:** **IRA HOLTZMAN v. CCH INCORPORATED, CASE NO:** 07 C 7033 (United States District Court for the Northern District of Illinois)

**IMPORTANT: THIS CLAIM FORM MUST BE <u>POSTMARKED OR RECEIVED</u> ON OR BEFORE <u>MAY 11, 2009</u>, AND MAILED TO THE FOLLOWING ADDRESS:**

**PHILLIP A. BOCK**
**BOCK & HATCH, LLC**
**134 NORTH LASALLE STREET**
**CHICAGO, IL 60602**

Please print the following information:

NAME: _____

ADDRESS: _____

CITY/STATE: _____

ZIP CODE: _____

TELEPHONE: _____

E-MAIL: _____

     By participating in this settlement I hereby release CCH Incorporated of all claims that related in any way to their sending of advertising material by fax.

     Additionally, I state that (1) I did not give CCH express permission or invitation to send a fax to me promoting or advertising CCH's products or services, and (2) I did not have an established business relationship with CCH.

_____
(YOUR SIGNATURE)

If filing on behalf of business, please print the name of the business: _____

---

# EXHIBIT E