

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 7033 |
| | ) | |
| v. | ) | Judge John A. Nordberg |
| | ) | |
| CCH INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL APPROVAL ORDER

After review and consideration of the Settlement Agreement (the "Settlement Agreement"), the memoranda and arguments in support of the settlement at the time of the hearing on preliminary approval of the Settlement, the memorandum filed by the class plaintiffs in support of final approval of the Settlement, and the fact that no one has filed any objections to final approval of the Settlement,

IT IS HEREBY ORDERED and adjudged as follows:

1.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Court finds that no objections were received, and notes that no party appeared in Court at the time of the fairness hearing to object to the settlement. No person requested exclusion from the class or the settlement.

2. The Court finds that notice previously given to Class Members in this action was the best notice practicable under the circumstances and has satisfied the requirements of due process and Rule 23(e)(1).

3. The Court also finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

4. After due consideration of the uncertainty about whether a class would be certified for any purpose other than settlement; the uncertainty of plaintiff's success on the merits at trial; the range of plaintiff's possible recovery; the complexity, expense and duration of the litigation; the substance and amount of opposition to the settlement; and the state of proceedings at which the settlement was achieved; all written submissions, affidavits, and arguments of counsel; and after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member shall be bound by the Settlement Agreement, including being subject to the release set forth in Paragraph 3 of said Settlement Agreement.

5. This action, including all claims against Defendant asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant, is hereby dismissed with prejudice and without taxable costs to any Party.

6. All claims or causes of action of any kind by any Settlement Class member brought in this Court or any other forum are barred pursuant to the releases set forth in

Paragraphs 3.1 through 3.3 of the Settlement Agreement. Class members are enjoined from instituting, either directly or indirectly, any action against CCH, in this Court or in any other court or forum, asserting any claims that are being settled or released herein, including any claim that was or could have been brought in this action pursuant to the releases set forth in Paragraphs 3.1 through 3.3 of the Settlement Agreement.

7. The petitions to reverse denials of claims submitted by Mark A. Brown and Daniel LaPlante are denied. They are not proper members of the Class and are not entitled to a distribution from the Settlement Fund.

8. Attorneys fees for Plaintiffs' Counsel in the amount of $132,333.33 and out-of-pocket expenses incurred by them in the amount of $1,000.00 are hereby approved. In accordance with the Settlement Agreement, these amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

9. An incentive award for the Representative Plaintiff is hereby approved in the amount of $5,000. In accordance with the Settlement Agreement, this amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

10. The Court approves cy pres awards of one-third shares each, payable in accordance with the formula set forth in Paragraph 2.1(e) of the Settlement Agreement, to (a) the Chicago Bar Foundation, (b) the Juvenile Diabetes Foundation, and (c) the United Way of Metropolitan Chicago, as proposed by the parties.

11. This Court hereby retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order.

BY ORDER OF THE COURT

_____
Honorable John A. Nordberg

Dated: September 30, 2009

Submitted by:

<u>Counsel for Plaintiff</u>
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, Illinois 60008
(847) 368-1500

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, Illinois 60602
(312) 658-5500

<u>Counsel for Defendant</u>
David P. Sanders
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
(312) 222-9350